# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-61577-BB

T.M., a minor by his mother and next friend
CRYSTAL LUGO,

      Plaintiff,

v.

SCOT PETERSON,

      Defendant(s).

_____/

## DEFENDANT, SCOT PETERSON'S *VERIFIED* ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

COMES NOW the Defendant, SCOT PETERSON, and hereby gives notice of service of the attached answers, numbered 1 through 14, to the interrogatories propounded by Plaintiff certified as being served on February 19, 2019, states:

[THIS SECTION WAS INTENTIONALLY LEFT BLANK]

*T.M., a minor by his mother and next friend Crystal Lugo v. Scot Peterson*
Case No.: 18-CV-61577-BB
*Defendant, Scot Peterson's, Answers to Plaintiff's Interrogatories*

## SCOT PETERSON'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1.      Identify the person(s) answering these interrogatories, including anyone giving assistance in any way.

**Scot Peterson.  Assisted by counsel.**

2.      Please provide the names, addresses, and rank of the individuals responsible for interviewing, investigating, hiring, and supervising you at the Broward County Sheriff's Office.

**Objection.  The information sought by this interrogatory is outside of the proper scope of discovery as defined by Fed. R. Civ. P. 26(b)(1), as it is not relevant to any party's existing claim or defense in this matter and is disproportionate to the needs of the case.  Following the Court's omnibus orders (DE 50 and 51) on the defendants' multiple motions to dismiss, the sole remaining claims are the minor plaintiff, T.M.'s, alleged claims of a February 14, 2018, unreasonable search and seizure (counts I-III of the operative Complaint) against Scot Peterson, individually.  In his <u>Answer and Defenses</u> (DE 52) to those claims, Scot Peterson admitted T.M's allegation that Peterson at all times acted under color of law and within the scope of his employment with the Broward Sheriff's Office.  (DE 52 at ¶¶ 7, 23, 25, 31, 37).  The Broward Sheriff's Office is not a defendant on the remaining claims.  This court has dismissed all claims against all defendants relating to Nikolas Cruz's mass shooting at Marjorie Stoneman Douglas High School on that same date.  (See DE 50 and 51).  And T.M.'s remaining claims against Scot Peterson are absolutely unrelated to the shooting.  Plaintiff's propounding of this interrogatory well after the Court's omnibus orders of dismissal evidences an intent to annoy and harass Scot Peterson with irrelevant matters.**

3.      State the name and address for each of your previous employers in the field of law enforcement and/or security, setting forth:

**Objection.  See objection to interrogatory #2, above.**

(a) The nature, substance, and description of your work and duties, including the name, address, title, and role for each individual who supervised you at each such place of employment and the inclusive dates of employment at such place of employment;

(b) The reason for leaving each such place of employment.

*T.M., a minor by his mother and next friend Crystal Lugo v. Scot Peterson*
Case No.: 18-CV-61577-BB
*Defendant, Scot Peterson's, Answers to Plaintiff's Interrogatories*

4.    Have you ever been or are you currently the subject of or the defendant in any inquiry, complaint, disciplinary action, or other administrative action or of a lawsuit, either civil or criminal? If so, please set forth:

**Objection. See objection to interrogatory #2, above.**

(a) The nature, substance, and description of each inquiry, complaint, disciplinary action, or other action;

(b) The name, address, and telephone number of each complainant/plaintiff.

5.    Identify the training or experience required for service as an officer for the Broward County and identify all training procedures you underwent before being assigned to the unit or task force that patrols public high schools. Please include whether Broward County distributed to you or required the reading or viewing of any materials (written, computer, video, or audio) concerning: (1) making arrests or otherwise seizing criminal suspects;  (2) determining whether there is probable cause for an arrest or the seizure of a criminal suspect or personal property; (3) searching and seizing personal property of a criminal suspect; (4) engaging with active shooters; (5) disciplining minor students; (6) police abuse and misconduct; or (7) state or constitutional law? If so, state for each:

**Objection. See objection to interrogatory #2, above.**

(a) The title, author, and publication date of each such piece of material and the date when such material was given to you to read;

(b) Whether or not you actually read or viewed each such piece of material, setting forth the date(s) of reading or viewing.

6.    Describe in complete detail how the incident, which gave rise to this Complaint occurred, setting forth all events in the order in which each event took place.

**Sometime during the morning of February 14, 2018, Marjorie Stoneman Douglas High School security specialist, Kelvin Greenleaf, brought a male student into my office. Mr. Greenleaf explained that he believed the boy had been selling drugs on campus. Mr. Greenleaf had a wad of cash that had been in the boy's possession. Mr. Greenleaf laid the wad of cash on my desk. I inquired of the boy where the money had come from. Initially, the boy had no real answer, but he ultimately said that his mother had given it to him. Mr. Greenleaf removed the boy from my office.**

*T.M., a minor by his mother and next friend Crystal Lugo v. Scot Peterson*
*Case No.: 18-CV-61577-BB*
*Defendant, Scot Peterson's, Answers to Plaintiff's Interrogatories*

I placed the wad of cash in an envelope. I contacted the boy's mother by phone and inquired about the cash. The boy's mother confirmed her son's claim that she had given him the money, although the mother had no idea/recollection how much money she had given to her son.

After the boy left my office, school authorities apparently decided to place the boy in internal suspension. I had the boy called back into my office for the single purpose of returning the money to him. I did that, and I had no further contact with the boy.

    7.    Do you contend that there was probable cause to: (1) arrest and/or detain Plaintiff T___ M___; or (2) search his backpack; or (3) seize his money? If so, state each fact that supports each of your conclusions that probable cause existed for each of the above acts.

    I "contend" nothing. (1) There was no probable cause to arrest T___ M___ on February 14, 2018. (2) I did not make any probable cause determination relating to a search of T___ M___'s backpack, as I neither sought nor conducted any such search and I was not present if/when any such search was performed by others. (3) I did not make any probable cause determination relating to the seizure of T___ M___'s money, as I neither sought nor conducted the seizure and I was not present when the seizure occurred. I received T___ M___'s wad of cash from school authorities, made inquiry as to the origin of the cash, determined that there was no probable cause either to seize the cash or to arrest T___ M___, and returned the cash to T___ M___.

    And see answer to interrogatory # 6, above.

    8.    State and describe the actions you took while the shooter shot and murdered students. Please include and describe:

    Objection. The information sought by this interrogatory is outside of the proper scope of discovery as defined by Fed. R. Civ. P. 26(b)(1), as it is not relevant to any party's existing claim or defense in this matter and is disproportionate to the needs of the case. This court has dismissed (see DE 50 and 51) all of the claims against all of the defendants which relate to Nikolas Cruz's mass shooting at Marjorie Stoneman Douglas High School on February 14, 2018. The sole remaining claims are those of a single minor plaintiff, T.M., who alleges claims of unreasonable search and seizure (counts I-III of the operative Complaint) against Scot Peterson, individually, on that same date. T.M.'s remaining claims against Scot Peterson are absolutely unrelated to

*T.M., a minor by his mother and next friend Crystal Lago v. Scot Peterson*
Case No.: 18-CV-61577-BB
*Defendant, Scot Peterson's, Answers to Plaintiff's Interrogatories*

the shooting. **Plaintiff's propounding of this interrogatory well after the Court's omnibus orders of dismissal evidences an intent to annoy and harass Scot Peterson with irrelevant matters.**

(a) All the actions you took;

(b) Why you took each action;

(c) Whether there was a Broward County policy that prevented you from entering the school and confronting the shooter;

(d) Who enforced the policy preventing you from entering the school, protecting the students, and confronting an active shooter;

(e) Whether you would have entered the school and confronted the shooter if said policy was not in place.

9. Did you make any verbal or written report, statement, or memorandum to anyone about the incidents alleged in plaintiff's complaint, and any subsequent investigation of the incidents? If so, set forth:

**As to the Nikolas Cruz mass shooting incident:  See objection to interrogatory # 8, above.**

**As to the alleged T.M. "incident":  No.**

(a) The nature and substance of each such report, including the date, time, and place you made each such report;

(b) The identity of the present custodian of each such report.

10. State whether or not you had any conversation or communication regarding the subject matters of plaintiff's complaint with anyone, subsequent to the complained of incident. If so, further set forth:

**As to the Nikolas Cruz mass shooting incident:  See objection to interrogatory # 8, above.**

**As to the alleged T.M. "incident":  No.**

*T.M., a minor by his mother and next friend Crystal Lugo v. Scot Peterson*
Case No.: 18-CV-61577-BB
*Defendant, Scot Peterson's, Answers to Plaintiff's Interrogatories*

(a) The nature and substance of the conversation or communication, including the identity of each individual who participated in each such conversation or communication, and the date and time of day of each such conversations or communication;

(b) Whether the conversation or communication was oral or written, and if written, the identity of the present custodian of such written conversation or communication.

11.     Identify (setting forth the name, title, and position, as well as other identifying information) each person whom you or your attorney expect to call as an expert witness at the trial of this matter.

**At this time, the remaining claims of T.M. do not appear to warrant the involvement of any expert. Discovery is continuing.**

(a) State the general nature of the subject matter on which each expert is expected to testify.

(b) State the substance and nature of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion.

12.     Relative to the allegations in plaintiff's complaint, please provide, to the best of your ability, all statements or communications made by you, or statements or communications that you're simply aware of, relating to whether or not you had a duty to protect the students of Marjory Stoneman Douglas ("MSD") High School.

**See objections to interrogatories ## 2 and 8, above.**

13.     State your job title on February 14, 2018 as it relates to your post at MSD High School, and describe in detail, all of your duties and requirements as someone who holds that position.

**School Resource Officer.  Responsible for law enforcement.**

14.     State what basis you had for searching the backpack of student T▉ M▉ on February 14, 2018, and whether you did so in an effort to protect other students.

**Objection.  False predicate.  I did not search the backpack of student T▉ M▉ on February 14, 2018.**

*T.M., a minor by his mother and next friend Crystal Lugo v. Scot Peterson*
*Case No.: 18-CV-61577-BB*
*Defendant, Scot Peterson's, Answers to Plaintiff's Interrogatories*

**And see answers to interrogatories ## 6 and 7, above.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail, this 29 day of March, 2019.

Michael R. Piper, Esq.
Florida Bar No: 710105
Christopher J. Stearns
Florida Bar No.: 557870
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
Attorneys for Scot Peterson
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:   (954) 463-0100
Facsimile:   (954) 463-2444
piper@jambg.com / cintron@jambg.com
stearns@jambg.com / blouin@jambg.com
semexant@jambg.com

*T.M., a minor by his mother and next friend Crystal Lugo v. Scot Peterson*
*Case No.: 18-CV-61577-BB*
*Defendant, Scot Peterson's, Answers to Plaintiff's Interrogatories*

STATE OF ~~FLORIDA~~ North Carolina     )
                      : ss:
COUNTY OF Cherokee     )

SCOT PETERSON, duly sworn upon oath deposes and says that the answers to Plaintiff's interrogatories are true and correct.

**SCOT PETERSON**

The foregoing instrument was acknowledged before me this 25th day of March, 2019, by Scot Peterson, who is known to me or who has produced North Carolina Dr. Lic as identification and who did take an oath.

Notary Public

My Commission Expires: 03/03/2020



*T.M., a minor by his mother and next friend Crystal Lugo v. Scot Peterson*
*Case No.: 18-CV-61577-BB*
*Defendant, Scot Peterson's, Answers to Plaintiff's Interrogatories*

## SERVICE LIST

Kristoffer R. Budhram, Esq.
Bank of America Tower
50 N. Laura Street, Suite 2500
Jacksonville, FL 32202
(904) 299-5500 (Phone)
krbudhram@benedettolaw.com


Solomon M. Radner, Esq. (Pro Hac Vice)
Execolo Law, PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033
(248) 291-9712 (Phone)
sradner@excololaw.com
civilrights@excololaw.com
***Attorney for Plaintiffs***


Michael R. Piper, Esq.
Christopher J. Stearns, Esq.
Johnson, Anselmo, Murdoch,
Burke, Piper & Hochman, P.A.
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)
Piper@jambg.com
stearns@jambg.com
***Attorneys for Defendant, Scot Peterson***


David Lawrence Ferguson, Esq.
The Kopelowitz & Ostrow Firm PA
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, FL 33301-4216
(954) 525-4100 (Phone)
(954) 525-4300 (Fax)
ferguson@kolawyers.com


Seth David Haimovitch, Esq.
Kopelowitz Ostrow Ferguson
Weiselberg Gilbert
One West Las Olas Boulevard, Suite 500
Fort Lauderdale, FL 33301
(954) 525-4100
haimovitch@kolawyers.com
***Attorneys for Defendants, Jan Jordan
and Scot Israel***


Irwin R. Gilbert, Esq.
Eric M. Yessner, Esq.
Christopher S. Rapp, Esq.
Kelly Kronenberg
1475 Centrepark Blvd., Suite 275
West Palm Beach, FL 33401
(561) 684-5956 (Phone)
(561) 684-5753 (Fax)
igilbert@kellykronenberg.com
eyesner@kellykronenberg.com
csrapp@kelleykronenberg.com
***Attorney for Defendant, Andrew Medina***

8

*T.M., a minor by his mother and next friend Crystal Lugo v. Scot Peterson*
Case No.: 18-CV-61577-BB
*Defendant, Scot Peterson's, Answers to Plaintiff's Interrogatories*

Eugene K. Pettis, Esq.
Kenneth J. Miller, Esq.
Haliczer Pettis & Schwamm PA
100 SE 3rd Avenue, 7th Floor
Fort Lauderdale, FL 33394
(954) 523-9922 (Phone)
(954) 522-2512 (Fax)
cmarr@hpslegal.com
kmiller@hpslegal.com
**Attorney for Defendant, Robert Runcie**

Adam Katzman, Esq.
Broward County Attorney's Office
115 South Andrews Avenue, Suite 423
Fort Lauderdale, FL 33301-1801
(954) 357-7600 (Phone)
(954) 357-7641 (Fax)
akatzman@broward.org
**Attorney for Defendant, Broward County**