**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

FILED BY_____ AP _____D.C.

Jan 11, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 11, 2021

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number:  19-14414-DD
Case Style: L.S., et al v. Scot Peterson, et al
District Court Docket No: 0:18-cv-61577-BB

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision
was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion
was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

## UNITED STATES COURT OF APPEALS
### For the Eleventh Circuit

_____

No. 19-14414

_____

District Court Docket No.
0:18-cv-61577-BB

L.S.,
a minor by her mother and next friend
Yasmin Lorena Hernandez,
GIANCARLO MENDOZA,
G.E.M.,
a minor by her mother and next friend
Amalfi Mendoza,
N.V.,
a minor by her mother and next friend
Ayde Vera,
E.T.,
a minor by her mother and next friend
Olga Mathurin,
C.M.W.,
a minor by her mother and next friend
Cathy Sanchez,
C.D.W.,
a minor by her mother and next friend
Judyann Wolf,
A.J.T.,
a minor by her mother and next friend
Laurie Jo Brangan,
T.M.,
a minor by his mother and next friend
Crystal Lugo,
G.B.,
a minor by his mother and next friend
Jennifer Barrera,
AUDREY DIAZ,
B.A.J.,
a minor by his mother and next friend
Yudelquis Duran,
K.J.S.H.,
a minor by his guardian and next friend
Juanita A. Vives,
R.D.,

a minor by his mother and next friend
Dawn DeLena,
K.J.M.,
a minor by his mother and next friend
Tanya McConnell,

Plaintiffs - Appellants,

versus

SCOT PETERSON,
JOHN DOES 1-3,
JAN JORDAN,
ANDREW MEDINA,
ROBERT RUNCIE,
BROWARD COUNTY,
a political subdivision of the State of Florida,

Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is
entered as the judgment of this Court.

Entered: December 11, 2020
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14414

_____

D.C. Docket No. 0:18-cv-61577-BB

L.S., *ex rel.* YASMIN LORENA HERNANDEZ,
GIANCARLO MENDOZA, et al.,

Plaintiffs-Appellants,

versus

SCOT PETERSON,
JAN JORDAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 11, 2020)

Before WILLIAM PRYOR, Chief Judge, HULL and MARCUS, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether the district court erred when it

dismissed a civil-rights action filed by students present at the Parkland school

shooting. The students sued Broward County and five public officials on the theory that their response to the school shooting was so incompetent that it violated the students' substantive rights under the Due Process Clause of the Fourteenth Amendment to the Constitution. The district court dismissed this claim with prejudice because it was an impermissible shotgun pleading and, in the alternative, because it failed to state a claim and leave to amend it would be futile. On the merits, the district court reasoned that because the students were not in a custodial relationship with the officials and failed to allege conduct by the officials that is "arbitrary" or "shocks the conscience," the students could not maintain a claim that the officials violated their substantive right to due process of law. The students appeal this decision, but settled caselaw makes clear that official acts of negligence or even incompetence in this setting do not violate the right to due process of law. Because we agree with the district court that the students failed to state a claim of a constitutional violation and that leave to amend would be futile, we affirm.

## I. BACKGROUND

On February 14, 2018, Nikolas Cruz shot and killed 17 people at Marjory Stoneman Douglas High School in Parkland, Florida. He also injured 17 others during his six-minute rampage. The shooting caused traumatic harm to many more bystanders, including the plaintiffs, 15 students who were present and allege psychological injuries.

"Because this case arises at the motion-to-dismiss stage, we accept as true the facts as alleged in [the students'] complaint." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1128 (11th Cir. 2019). The students allege that the Parkland tragedy was exacerbated by government blunders before and during the shooting. The Broward County Sheriff's Office failed to act on the "many dozens of calls" it received that warned of Cruz's dangerous propensities. Although Sheriff Scott Israel and Superintendent Robert Runcie knew that Cruz might be dangerous and Runcie was warned that the school had inadequate security, neither official attempted to improve school security. And Scot Peterson, the police officer in charge of school security, was nicknamed "Rod"—short for "retired on duty"— for his "lackadaisical . . . approach[]."

On the day of the shooting, Andrew Medina, a school security guard, recognized Cruz as a potential school shooter but permitted him to enter the school anyway. Medina radioed and texted other security officials that Cruz—a suspicious person—was present, and he drove a golf cart toward Cruz. But he did not directly approach Cruz or call in a code to put the school on lockdown. Medina later explained that he was ordered not to call in a code unless he saw a gun, so he did not call one in even after he heard gunshots.

Cruz began shooting less than a minute after entering the building. Peterson and three John Does stood outside the school with their guns drawn, but they did

not enter the school or attempt to stop the shooting. Peterson later gave contradictory explanations for their failure to enter the building. Jan Jordan, a police captain and the commander at the scene, repeatedly barred emergency responders from entering the building to stop Cruz or to aid his victims. Jordan violated police policy and ordered police to "stage," or gather outside of the school, instead of permitting officers to enter the building and pursue Cruz.

The students argue that these actions were not only incompetent but unconstitutional. They filed a civil-rights complaint and later amended it. 42 U.S.C. § 1983. They sued Peterson, Jordan, Medina, Runcie, Israel, and Broward County. The students also alleged facts about three fictitious parties or "John Does," but they did not list the Does as defendants in the amended complaint.

Only two of the five counts of the amended complaint addressed the shooting. Count IV alleged that the officials' and Broward County's inability to protect the students violated their rights to substantive due process under the Fourteenth Amendment. And Count V alleged a claim of retaliation in violation of the First Amendment against Medina—namely, that he allowed Cruz into the school as retaliation for Medina's suspension for sexual harassment. The first three counts alleged violations of the Fourth Amendment against Peterson and Broward County that were unrelated to the shooting. The students interspersed throughout

the complaint allegations related to inadequate training, but they did not allege a claim of failure to train in a standalone count.

After the officials and Broward County moved to dismiss the complaint, the district court dismissed Counts IV and V with prejudice. It ruled that Count IV was an impermissible shotgun pleading and alternatively failed to state a cognizable claim. The district court explained that the students failed to identify any actions by the defendants that violated the Due Process Clause because no violations occurred. It then ruled that the students lacked standing to sue for retaliation in Count V and that, even if they had standing, they failed to state a cognizable claim. Because any amendment to those counts would be futile, the district court dismissed both counts with prejudice.

For Counts I through III, the district court allowed the claims against Peterson to proceed to discovery but dismissed with prejudice the students' claim against Broward County for failure to state a claim. After discovery, the district court granted summary judgment in favor of Peterson. The students appeal the judgment only as to Count IV.

## II. STANDARD OF REVIEW

We review *de novo* the dismissal of a complaint for failure to state a claim. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We accept the factual allegations in the complaint as true and construe them in the light most favorable to

the plaintiff. *Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1260 (11th Cir. 2019) (en banc). "[T]he allegations must state a claim for relief that is plausible, not merely possible." *Id.* So the complaint must contain factual support: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We also review *de novo* the denial of leave to amend by reason of futility because futility is a legal conclusion that the amended complaint would necessarily fail. *City of Miami v. Citigroup Inc.*, 801 F.3d 1268, 1275 (11th Cir. 2015).

## III. DISCUSSION

We divide our discussion in four parts. We first clarify that the three John Does are not parties to this appeal. We then explain why the students failed to state a claim for violation of their right to substantive due process. We next explain why the students likewise failed to state a claim of failure to train. Finally, we conclude that the district court was correct to dismiss these claims with prejudice because leave to amend would be futile. Because these determinations resolve the appeal, we need not consider the defendants' remaining arguments.

### A. *The Three John Does Are Not Parties to this Appeal.*

The students may not belatedly join nonparties as defendants. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 518 (3d Cir. 2007). Because

"an amended complaint supersedes the former pleadings," the amended complaint controls which persons are defendants in a lawsuit. *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020) (alteration adopted) (internal quotation marks omitted). The students listed three John Does as defendants in their original complaint but not in their amended complaint. Yet on appeal, the students again list the Does as defendants and ask that we revive their claims against the Does. But onetime defendants who are dropped from an amended complaint "do not remain in the case." *Palakovic v. Wetzel*, 854 F.3d 209, 221 n.13 (3d Cir. 2017). The John Does are not defendants.

B. *The Students Failed to State a Substantive-Due-Process Claim.*

We must "exercise the utmost care" when we consider claims about substantive due process. *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). Substantive due process is a legal concept "untethered from the text of the Constitution," so "the Supreme Court has been reluctant to expand" its scope. *Echols v. Lawton*, 913 F.3d 1313, 1326 (11th Cir. 2019) (internal quotation marks omitted). And both we and the Supreme Court have "said repeatedly that the Fourteenth Amendment is not a 'font of tort law'" that can support novel federal causes of action. *Neal ex rel. Neal v. Fulton Cnty. Bd. of Educ.*, 229 F.3d 1069, 1074 (11th Cir. 2000) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 848

(1998)). After all, "not every injury is an injury of constitutional magnitude."

*Goodman v. Kimbrough*, 718 F.3d 1325, 1333 (11th Cir. 2013).

The right to substantive due process depends on the relationship of the official and the individual his acts or omissions allegedly harmed. An official has a "duty to protect individuals from harm by third parties" only when the individuals are in the official's custody. *White v. Lemacks*, 183 F.3d 1253, 1257 (11th Cir. 1999). And individuals who are not in an official's custody must allege that his conduct was "arbitrary, or conscience shocking, in a constitutional sense." *Id.* at 1258 (quoting *Collins*, 503 U.S. at 128). Because the students were not in the officials' custody and failed to allege that the officials committed any "arbitrary" or "conscience shocking" conduct, we agree with the district court that the students failed to state a substantive-due-process claim.

1. The Students Were Not in a Custodial Relationship with the Defendants.

It is well-established that "schoolchildren are not in a custodial relationship with the state." *Nix v. Franklin Cnty. Sch. Dist.*, 311 F.3d 1373, 1378 (11th Cir. 2002). A custodial relationship exists only if the government places "limitations . . . upon an individual's ability to act on his own behalf" that are similar in kind to incarceration or other forms of involuntary confinement. *Wyke v. Polk Cnty. Sch. Bd.*, 129 F.3d 560, 569–70 (11th Cir. 1997). School attendance, even when compelled by truancy and compulsory attendance laws, is not similar in kind to

incarceration or institutional confinement. *Id.* at 569; *D.R. ex rel. L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1370–72 (3d Cir. 1992) (en banc). Ordinarily there are no custodial relationships in the public-school system, even if officials are aware of potential dangers or have expressed an intent to provide aid on school grounds. *Wyke*, 129 F.3d at 569–70.

The students' efforts to avoid this rule are unavailing. They argue that even if there is no custodial relationship "as a general matter," *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 655 (1995), their appeal presents an exception. *See Hasenfus v. LaJeunesse*, 175 F.3d 68, 72 (1st Cir. 1999) (leaving open the possibility that schools might have a duty to protect students in "narrow circumstances"). But *Nix* forecloses that argument. 311 F.3d at 1378. And even if we could contemplate exceptions, there is no reason to do so here.

The students identify just one fact that differentiates this appeal from our precedents—the presence of armed school-safety officers—but the students fail to explain how the presence of these officers converts a non-custodial relationship into a custodial one. The officers' presence on school grounds, whether by itself or in combination with truancy and compulsory attendance laws, does not restrain students' freedom to act in a way that is comparable to incarceration or institutional confinement. *Wyke*, 129 F.3d at 569. Because the students were not in custody at school, they were not in a custodial relationship with the officials.

2.  The Students Do Not Allege Any "Arbitrary" or "Conscience Shocking" Conduct.

Where no custodial relationship exists, "conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience shocking in a constitutional sense." *Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003). This standard is "narrowly interpreted and applied." *White*, 183 F.3d at 1259. "Only the most egregious official conduct" qualifies under this standard, so "even intentional wrongs seldom violate the Due Process Clause." *Waddell*, 329 F.3d at 1305 (alteration adopted) (internal quotation marks omitted).

We can consider only one of the students' theories of "arbitrary" or "conscience shocking" conduct: that the defendants acted with deliberate indifference. Their amended complaint initially asserted—only in passing—that the officials and Broward County allowed the students to be unconstitutionally seized. The students alleged, with no explanation, that they "were seized in that they suffered harm . . . by being shot at or by being in such close proximity to the shooting, and by being exposed to the blood and carnage that was afoot." *But see Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). But a count supported only by conclusory allegations necessarily fails to state a claim. *Piazza v. Jefferson County*, 923 F.3d 947, 958 (11th Cir. 2019). And, in any event, the students abandoned the

seizure issue by failing to brief it on appeal. *United States v. Moran*, 778 F.3d 942, 985 (11th Cir. 2015).

To succeed on their theory of deliberate indifference, the students must allege both that the officials acted with deliberate indifference and that their indifference was "arbitrary" or "conscience shocking." *Waddell*, 329 F.3d at 1305–06. "To act with deliberate indifference, a state actor must know of and disregard an excessive—that is, an extremely great—risk to the victim's health or safety." *Id.* at 1306. But we need not consider whether the students at this stage might be able to satisfy this element for at least some of the officials, because the students fail to allege any "arbitrary" or "conscience shocking" conduct.

We doubt that deliberate indifference can ever be "arbitrary" or "conscience shocking" in a non-custodial setting. We stated in dicta in *Nix* that we "ha[ve] been explicit" that it cannot. 311 F.3d at 1377. Yet, we later suggested that deliberate indifference might be sufficient in a non-custodial setting if, "at the very least," it involved "deliberate indifference to an extremely great risk of serious injury." *Waddell*, 329 F.3d at 1306. But *Waddell* then suggested that "the correct legal threshold for substantive due process liability" might be much higher than deliberate indifference. *Id.* at 1306 n.5. Although neither *Nix* nor *Waddell* created a binding rule, *see United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019), the weight of authority lies with *Nix*.

11

"No case in the Supreme Court, or in this Circuit, . . . has held that . . . deliberate indifference is a sufficient level of culpability to state a claim of violation of substantive due process rights in a non-custodial context." *Waldron v. Spicher*, 954 F.3d 1297, 1310 (11th Cir. 2020). Indeed, in the public-school setting, we have allowed substantive-due-process claims to proceed only when they involved intentional, obviously excessive corporal punishment. *See Nix*, 311 F.3d at 1378; *see also, e.g.*, *Kirkland ex rel. Jones v. Greene Cnty. Bd. of Educ.*, 347 F.3d 903, 904–05 (11th Cir. 2003); *Neal*, 229 F.3d at 1076. Even if we assume that a non-custodial claim of deliberate indifference may be cognizable as a matter of substantive due process, the students' claim is not.

The students allege that the officials' actions were "arbitrary" or "conscience shocking" in two ways. First, Israel, Runcie, Medina, Peterson, and Broward County knew that Cruz was a danger but failed to intervene during the shooting. Second, Jordan prevented lifesaving care by blocking medics from entering the school during the shooting. The students argue that these choices, in the totality of the circumstances, were "arbitrary" or "conscience shocking."

The students are right that we must evaluate the totality of the circumstances, *Waddell*, 329 F.3d at 1306, but they ignore the key circumstance. A shooting is "an occasion calling for fast action," where officials must "make split-second judgments—in circumstances that are tense, uncertain, and rapidly

12

evolving." *Waldron*, 954 F.3d at 1307 (internal quotation marks omitted). When split-second judgments are required, an official's conduct will shock the conscience only when it stems from a "purpose to cause harm." *Id.* (quoting *Lewis*, 523 U.S. at 854). Outside of their since-abandoned and conclusory claim of retaliation against Medina, the students fail to allege that any official acted with the purpose of causing harm. *Cf. Lightfoot v. Henry Cnty. Sch. Dist.*, 771 F.3d 764, 779 (11th Cir. 2014) (reviewing each claim as it was pleaded and refusing to transpose allegations pleaded for one claim into support for another). The students have not alleged "arbitrary" or "conscience shocking" conduct by any official.

The "purpose to cause harm" requirement applies even if the officials or Broward County had notice of the danger that Cruz posed. This requirement controls whenever rapid judgments are necessary. *Lewis*, 523 U.S. at 851–53. Conduct that is not intentionally harmful can violate substantive due process only in contexts "when actual deliberation is practical." *Id.* at 851.

*Lewis* makes clear that this appeal involves rapid judgments in a dangerous and unpredictable circumstance. In *Lewis*, the Supreme Court distinguished, for example, between the day-to-day operations of a prison, where actual deliberation is practical, and a prison riot, where it is not. *Id.* at 851–53. In a school shooting, as with a prison riot, officials might be able to prepare in the abstract. But when a violent and chaotic circumstance comes to pass, officials must make decisions "in

haste, under pressure, and frequently without the luxury of a second chance." *Id.* at 853 (internal quotation marks omitted). Absent intentional wrongdoing, we cannot review those split-second decisions under the Due Process Clause. *Waldron*, 954 F.3d at 1307, 1310–11.

### C. The Students Failed to State a Failure-to-Train Claim.

We also decline to instate the students' shooting-related failure-to-train claim against Israel, Runcie, and Broward County. The students assert that the district court dismissed this claim "without analysis or discussion." But they never properly presented the claim to the district court. The students admit in their opening brief that Count IV of their complaint raises only a substantive-due-process claim. And nowhere in the amended complaint is a failure-to-train claim evident. *Cf. Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

We are unpersuaded by the students' belated attempt to extract a failure-to-train claim out of Count IV. The students tell us that a failure-to-train claim flows out of a handful of paragraphs in the facts section of their amended complaint, which they incorporated into Count IV, and one paragraph in Count IV. That paragraph alleged that Broward "County . . . enacted policies," either through actual policies or through inadequate training and supervision, "such that the named defendants were incapable of performing their duties." But the students

titled Count IV "Arbitrary or Conscience-Shocking Conduct" and used these allegations to support their substantive-due-process claim. These paragraphs fall far short of the "short and plain statement" necessary for the students to state a standalone claim of failure to train. *Brown v. Snow*, 440 F.3d 1259, 1266 (11th Cir. 2006) (internal quotation marks omitted). And we may not consider claims raised for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). We are "a court of review, not a court of first view." *Compulife Software Inc. v. Newman*, 959 F.3d 1288, 1307 (11th Cir. 2020) (internal quotation marks omitted).

### D. Leave to Amend Would Be Futile.

Although a district court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), it may deny leave, *sua sponte* or on motion, if amendment would be futile. *Cf. SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1344 (11th Cir. 2014). Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). In other words, the question is whether "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (internal quotation marks omitted). The district court

decided that the underlying facts could not support a claim for relief, so it dismissed Count IV with prejudice.

We agree that leave to amend would be futile. As we have discussed, the students can state a substantive-due-process claim only if they allege that the defendants acted with the purpose of harming them. The students fail to explain how they might satisfy this requirement if they were granted leave to amend their complaint. Nor can they. A district court may find futility if a prerequisite to relief "is belied by the facts alleged in [the] complaint." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

The students' complaint is replete with allegations that disprove the notion that the officials intended to harm them. For example, Medina drove toward Cruz before he entered the school and alerted others of Cruz's suspicious presence. And the students allege that Peterson and Jordan behaved as they did because they were "so poorly trained . . . that [they were] incapable of adequately conducting the tasks which [they were] assigned." If the officials tried to protect the students—no matter how incompetently—then they did not act with the requisite malice, and any amendment would be futile.

The opportunity to amend would not help the students' failure-to-train claim either. To state a viable failure-to-train claim, the students must first identify a violation of their constitutional rights caused by the failure to train. *Rooney v.*

*Watson*, 101 F.3d 1378, 1381 n.2 (11th Cir. 1996); *Greason v. Kemp*, 891 F.2d

829, 836–37 (11th Cir. 1990). The students have not identified any violation, and

they have alleged facts that preclude the possibility of a violation. These

underlying facts are not a "proper subject of relief" under the law. *Hall*, 367 F.3d

at 1262 (internal quotation marks omitted).

## IV. CONCLUSION

We **AFFIRM** the dismissal of the students' complaint.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

December 11, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-14414-DD
Case Style: L.S., et al v. Scot Peterson, et al
District Court Docket No: 0:18-cv-61577-BB

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellants.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace Holland, DD at 404-335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs